**Mark A. Miller, 9563**
mmiller@hollandhart.com
**Ginger Utley, 11788**
gutley@hollandhart.com
**Christopher B. Hadley, 14055**
cbhadley@hollandhart.com
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff*
*ICON Health & Fitness, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **ICON HEALTH & FITNESS, INC.**, a Delaware corporation, | **COMPLAINT** |
| Plaintiff, | |
| v. | Case No. 1:14-cv-00002-BCW |
| **Zhongshan Camry Electronic Co., Ltd.**, a company, **Atlantic Promotions Inc.,** a corporation, | Magistrate Judge Brooke C. Wells |
| | **Jury Demand** |
| Defendants. | |

Plaintiff ICON Health & Fitness, Inc. ("ICON"), by and through its counsel of record,

Holland and Hart, LLP, complains against Defendants Zhongshan Camry Electronic Co.,

Ltd. ("Camry") and Atlantic Promotions Inc. ("Atlantic Promotions") (collectively,

"Defendants") as follows:

## PARTIES

1.      Plaintiff ICON is a corporation organized and existing under the laws of the State

of Delaware, with its principal place of business located at 1500 South 1000 West, Logan, Utah

84321.

2. On information and belief, Camry is a Chinese company that manufactures, markets, and sells scales throughout the world, including in this judicial district. On information and belief, Camry has a place of business located in Baishawan Industrial Park at Quwan Road, Dong District, Zhongshan, Guangdong, China 528400. Camry markets and sells scales and related mobile phone application under the name "iFit" throughout the United States, including in this judicial district.

3. On information and belief, Atlantic Promotions is a Canadian company that markets, promotes and sells various scales throughout the world, including this judicial district. On information and belief, Atlantic Promotions has a place of business located at 770 boulevard Guimond, Longueuil, Quebec, Canada, J4G 1V6. On information and belief, Atlantic Promotions is the North American marketer, promoter and distributor of Camry's scale products, specifically including those identified with the trademark "iFit." Atlantic Promotions markets and sells scales under its brand name "iFit by Starfrit" throughout the United States, including in this judicial district.

4. On information and belief, Defendants have sold digital and mechanical scale products and related mobile phone applications under the name "iFIT" in the United States, including at least the Commonwealth of Virginia, the State of Ohio, the State of Georgia, and the State of Utah, including in this judicial district.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act (15 U.S.C. § 1121), as this action arises under Sections 32 and 43 of the Lanham Act (15 U.S.C. §§ 1114 and 1125). This Court has supplemental jurisdiction over the

factually-related state law claims in this dispute pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

6.     This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy in this action exceeds $75,000.00 and the dispute is between a citizen of the State of Utah and business entities of China and Canada.

7.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants' misconduct giving rise to this lawsuit occurred, in part, in this district. Specifically, Defendants have sold the accused infringing products throughout the United States by direct means or through distributors, including in this district. Camry has also made its infringing mobile phone applications available through Apple, Inc.'s iTunes App Store, as well as other mobile phone application stores, which are accessible nationally, including in this district. Defendants also own, operate or control the sale, marketing and distribution of the infringing products through their websites, all of which are accessible in the United States, including, but not limited to: www.ifitliving.com; www.ifitstore.com; www.camryscalestore.com; and www.us.atlanticpromotionsinc.com/i-fit/. Defendants also sell, market and distribute the infringing products through third-party e-commerce retailers, such as Amazon.com and Groupon.com. Thus, Defendants have purposely availed themselves of the benefits of conducting business in the District of Utah with respect to the infringing products and are therefore subject to this Court's jurisdiction.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

9.     ICON is a world leader in the exercise equipment and fitness industries and sells a variety of exercise and fitness products under numerous well-known brands. Through many

years of research and developments efforts, and through its pioneering leadership in exercise and fitness technology, ICON owns a valuable portfolio of intellectual property rights including patents, trademarks, trade dress, and copyrights. ICON's intellectual property rights are among its most valuable assets.

10. For more than a decade, ICON has marketed and sold exercise and fitness equipment under the trademark iFIT. ICON has also marketed and provided educational services relating to personal health and fitness under the iFIT mark. The iFIT mark is a well-known, distinctive indicator of ICON's high quality products and corresponding goodwill. As a testament to the value and recognition of the iFIT mark, ICON has been granted a valid, enforceable, and incontestable federal registration for the iFIT mark in connection with "fitness and exercise machines" as well as "educational services, namely conducting personal training" under Registration No. 2,618,509. A copy of ICON's '509 registration is attached as Exhibit A.

11. ICON's established use of the iFIT mark since 1999 has also included the provision of health and fitness consulting services via electronic communications networks. ICON owns a valid, enforceable, and incontestable federal registration for the iFIT mark in connection with "providing information and consultation services in the field of exercise equipment and personal health, fitness and nutrition by means of a global computer network" under Registration No. 2,466,474. A copy of ICON's '474 registration is attached as Exhibit B.

12. For years, ICON has also used the iFIT mark in connection with providing mobile device applications that consumers can use to collect, track, and store personal health and fitness information. Examples of ICON's mobile applications are depicted below.

4



13.     ICON sought and obtained a federal registration of the iFIT mark in connection with its iFIT software applications under Reg. No. 4,450,213, which identifies the relevant goods as: "Personal fitness training services and consultancy; Physical fitness instruction; Physical fitness training services; Providing an on-line computer database featuring information regarding exercise and fitness; Providing information in the field of exercise training." A copy of ICON's registration with Reg. No. 4,450,213 is attached hereto as Exhibit C.

14.     ICON has sought a federal registration of the iFIT mark in connection with its iFIT software applications under Serial No. 85-856673, which identifies the relevant goods as: "Downloadable and web-based software for the collection, storage and display of personal performance data from various fitness activities; display of nutritional information and fitness and athletic programs and workouts, software for tracking, monitoring and planning fitness

5

training activities." A copy of ICON's pending trademark registration with Serial No. 85-856673 is attached hereto as Exhibit D. Hereafter, the trademark rights represented by the '509, '474 and '213 registrations and the '673 pending application are collectively referred to as the "iFIT trademarks."

15.     Due to ICON's significant investment in the iFIT trademarks and the products and services marketed and sold under the trademarks, the consuming public recognizes the iFIT trademarks as a symbol of ICON and the quality products and services it provides relating to fitness and personal health.

16.     On information and belief, Defendants use the iFIT mark to market and sell scales throughout the world. Camry also uses the iFIT trademark to market and sell digital scales that can be used with a mobile phone application that it offers through Apple Inc.'s App Store also under the "iFit" name. Consumers use Defendants' scales and related mobile phone applications to track their personal fitness and health.

17.     Defendants' iFit mark is identical to the iFIT trademarks owned by ICON.

18.     Defendants' use of the iFit mark for its scale and mobile phone application is likely to cause consumer confusion or mistake as to the source or sponsorship of Defendants' products. Specifically, due to Defendants' use of the iFit mark for their personal health-related products—scales and mobile phone app—consumers are likely to mistakenly believe that ICON is the source of those products or that the products are sponsored by or otherwise affiliated with ICON's iFIT branded products.

19.     On June 12, 2013, ICON contacted Apple, Inc. regarding Camry's offering for sale and marketing of its then named "iFIT Scale" mobile phone application available for download on iTunes.

20.    On July 23, 2013, ICON sent a cease and desist letter to Camry regarding its sales of scales used for weight management using ICON's iFIT trademarks.  Specifically, Camry was selling, offering for sale and marketing its scales using the iFIT trademarks on Amazon.com and Groupon.com under the brand names Camry and Starfrit (hereinafter the "Infringing Scales"). ICON demanded that Camry (1) cease the use of the name iFit for all products, including the mobile phone application and infringing scales, marketed and labeled with iFit; (2) remove product listings for the infringing scales from all e-commerce sites (including, but not limited to Amazon and Groupon); and (3) remove the "iFit Scales" application from the iTunes marketplace.  A copy of this communication is attached as Exhibit E.

21.    Following Apple's efforts to contact Camry about ICON's complaints, on November 1, 2013, Apple notified ICON that it had removed Camry's iFIT Scale app from iTunes.  A copy of Apple's takedown confirmation is attached hereto as Exhibit F.

22.    On December 17, 2013 ICON received a letter dated November 4, 2013 from an unknown lawyer from the Guangdong Deyuan Law Firm, counsel for Camry. In this letter, Camry stated that the company, "has never used the trademark 'iFit' in U.S.A. and none of the products in which the said trademark is used has been sold in U.S.A…."  The letter goes on to state that Camry, "didn't put it online U.S.A. for the announcement of its program 'iFIT Scale' in Apple's iTunes app store, and didn't' sell any product within the scope of U.S.A., thus it will not constitute the infringement in the trademark right of your company."   A copy of this communication is attached as Exhibit G.

23.    On information and belief, Camry's statements are false and are directly contradicted by the following evidence that establishes Camry's continued use of the iFIT trademarks to market, distribute and sell the Infringing Scales in the United States:

a.      iTunes App Store

Following Apple's takedown of Camry's infringing "iFit Scale" mobile phone application, Camry renamed its application the "CAMRY scale," but then launched another Camry mobile phone application under the name "Okoia IFIT." Both applications are designed to interface with a Camry digital scale and are marketed and identified in the Health & Fitness categories on iTunes, often right next to ICON's iFIT applications. Camry's Okoia IFIT application infringes ICON's iFIT trademarks. The Camry mobile phone applications available for download from iTunes in the United States are shown below:



On January 10, 2014, ICON notified Apple of Camry's continued infringing use of ICON's iFIT trademarks with its Okoia IFIT mobile phone application. A copy of this correspondence is attached hereto as Exhibit H.

b.      U.S. Internet Sales and Amazon.com

The Infringing Scales are actively being marketed, sold and labeled on the Internet, including, but not limited to Amazon.com with ICON's iFIT trademarks, under the following brand names and distributors: Camry, Starfrit, ifitstore.com, iFits and Atlantic Promotions.

According to information available through the Amazon.com website, Defendants' Infringing Scales have been sold in the United States, including, but not limited to the Commonwealth of Virginia, the State of Ohio, the State of Georgia and the State of Utah. An Amazon invoice for the sale of an Infringing Scale sold in this judicial district is attached hereto as Exhibit I. A list of customer reviews for Defendants' Infringing Scales from purchasers located in Virginia, Ohio and Georgia is attached hereto as Exhibit J.

        c.      ifitstore.com

Camry also sells and markets another Infringing Scale under the name iFits and ifitstore.com through Amazon.com. The continued marketing and sales of these products using ICON's iFIT trademarks also constitute trademark infringement. Screen captures of the iFits scales being offered for sale on Amazon.com is attached hereto as Exhibit K.

        d.      Camryscalestore.com

Camry also sells and markets for sale Infringing Scales via the interactive website camryscalestore.com. This interactive e-commerce site permits United States consumers to create an account, including username and password and an option to receive Camry's Newsletter. A screen capture of the camryscalestore's Create an Account page is attached hereto as Exhibit L.

        e.      www.ifitliving.com

Camry also markets the Infringing Scales through its website ifitliving.com, and improperly uses ICON's iFIT trademarks in connection with its iFit digital scale products that emphasize fitness, health and wellness. An example of Camry's marketing on its ifitliving.com website is below:

> "Fit expresses our concerns to our pensonal wellness. It is an on going issue of our daily life. By means of Camry's iFit products series, we wish to pass on the message to our consumers the idea of 'Preventive Measure' & to open a gateway to establish a mechanism to achieve the goal of leading a 'Health Life' & take charge of ourselves ,as the hard core idea.
>
> iFit, expressing a conceptual endearment --'I am the best'-- Healthwise and products
>
> iFit, is conclusive of 3 ideas of being 'Digitized','Pensonalized' & 'Inteligent Infromation', It encompasses the concept of:
>
> (1)'I' am being 'Fit' at the best condition.
>
> (2) 'iFit'—a 'hype' ,a popular saying transmitting the idea of the symbol of fitness. A metaphor easy to impress & to catch . A lead to a series of CAMRY's health related products.
>
> May the idea and desigens of our iFit be able to fulfill the goal we set forth. A devoted wish the all users of iFit products can proundly say :'I am the fittest' , 'I am the best'!!!"

A screen capture of the ifitliving.com website is attached hereto as Exhibit M.

f.     Starfrit / Atlantic Promotions, Inc.

Defendants also market and sell the Infringing Scales under the brand name Starfrit. Upon information and belief, defendant Atlantic Promotions owns, controls or is affiliated with Starfrit who markets the Infringing Scales as, "iFit by Starfrit."  Atlantic Promotions Starfrit line is accessible in the United States via its interactive website:  www.us.atlanticpromotionsinc.com. Atlantic Promotions sold an Infringing Scale in this judicial district via their website that provides United States consumers the abilities to perform e-commerce transactions, establish a user name and password, and to receive the company's future email communications regarding "promotions and special offers from Atlantic Promotions Inc."  A copy of a sales invoice for an "iFit – Electronic Scale Platform," purchased directly from Atlantic Promotions' interactive website with delivery in this judicial district, is attached hereto as Exhibit N.

24.     Due to Defendants' continued efforts to advertise, offer for sale, and sell the Infringing Scales in the United States through various distribution channels with full knowledge

of ICON's trademark rights, actions that are likely causing consumer confusion, ICON seeks an order from this Court permanently enjoining Defendants from further misconduct. Accordingly, ICON brings this case for damages and an injunction against Defendants for their on-going and willful infringement.

## FIRST CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT—LANHAM ACT §§ 32(1) AND 43(a))

25.     Plaintiff hereby incorporates all of the foregoing allegations as if set forth in full herein.

26.     ICON's iFIT trademarks are valid and incontestable trademarks enforceable under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a).

27.     Defendants have used the iFit trademarks in connection with their advertising and sales of the infringing iFit scales and mobile phone applications in a manner that is likely to cause mistake and confusion among the consuming public as to the source, origin, or sponsorship of the infringing iFit products. Defendants' actions constitute trademark infringement under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a).

28.     Defendants' acts of infringement as set forth above have caused and continue to cause damages and injury to ICON.

29.     ICON is entitled to recover all damages necessary to compensate ICON for the injuries and damages it has sustained as a result of Defendants' infringement, including Defendants' profits from sales of the infringing iFit products and any other damages sustained by ICON.

30. Because Defendants' acts are and were intentional, willful, and/or deliberate, ICON is entitled to an award of treble damages under § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

31. ICON is entitled to an award of pre-judgment interest for damages sustained as a result of the Defendants' wrongful conduct.

32. Defendants' wrongful, malicious, fraudulent, deliberate, willful, intentional and/or incredible conduct makes this case an exceptional case, entitling ICON to an award of attorneys' fees and costs under § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

33. ICON has no adequate remedy at law, has suffered and continues to suffer irreparable harm as a result of Defendants' acts, and is therefore entitled to a preliminary and permanent injunction to enjoin Defendants' wrongful conduct.

## SECOND CAUSE OF ACTION
### (UNFAIR COMPETITION—STATE LAW)

34. Plaintiff hereby incorporates all of the foregoing allegations as if set forth in full herein.

35. In taking the actions set forth above, Defendants has participated in unfair competition and unfair business practices. The actions as alleged above constitute a misappropriation and infringement of ICON's rights in the iFIT trademarks and the accompanying goodwill and reputation associated with the iFIT trademarks and have cause a material diminution in the value of the iFIT trademarks, trade names, and other related intellectual property held by ICON. These actions constitute acts of unfair competition in violation of Utah Code Ann. § 13-5a-101 *et seq*.

36. Defendants' actions cause a likelihood of confusion among consumers in the marketplace and therefore constitute unfair competition.

37. Defendants' actions have caused irreparable injury to ICON and threaten to continue cause irreparable injury if not enjoined.

38. Defendants' acts of willful and intentional infringement have caused and continue to cause damages and injury to ICON for which ICON must be compensated. Accordingly, ICON is entitled to an award of actual and punitive damages from Defendants, as well as ICON's attorneys' fees and costs under Utah Code Ann. § 13-5a-103(1)(b).

### THIRD CAUSE OF ACTION
(DECEPTIVE TRADE PRACTICES—STATE LAW)

39. Plaintiff hereby incorporates all of the foregoing allegations as if set forth in full herein.

40. Defendants, by their actions set forth above, have caused, are causing, and will continue to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its iFit products, including but not limited to the iFit scales and related mobile application.

41. By their use of the iFIT trademarks, Defendants represented, represents, and will continue to represent that their goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have, including that their iFit scale and mobile application are sponsored by or affiliated with ICON's well-known line of iFit products.

42. Defendants have thereby engaged in deceptive trade practices, pursuant to, inter alia, Utah Code Ann. §§ 13-11a-3(1)(b), (c), and (e). Defendants' deceptive trade practices are

willful and are in deliberate disregard of ICON's trademark rights and the rights of the consuming public to be free from confusion.

43.    Defendants' deceptive trade practices have damaged ICON and have caused irreparable harm.  Thus, ICON is entitled to injunctive relief and damages, along with an award of ICON's attorneys' fees and costs, under Utah Code Ann. §§ 13-11a-4(2)(a), (b), (c).

## FOURTH CAUSE OF ACTION
### (UNJUST ENRICHMENT, DISGORGEMENT AND CONSTRUCTIVE TRUST)

44.    Plaintiff hereby incorporates all of the foregoing allegations as if set forth in full herein.

45.    ICON is informed and believes that Defendants have generated and enjoyed, or will generate and enjoy, substantial profits and goodwill as a result of the wrongful conduct alleged above.  Defendants are aware of the profits and goodwill they have enjoyed as a result of their use of ICON's iFIT trademarks.

46.    It would be unjust to allow Defendants to retain the benefits and profits derived from their wrongful use of ICON's iFIT trademarks.

47.    As a result of Defendants' infringement of the iFIT trademarks, and Defendants' unfair competition, ICON has been damaged, and Defendants have been unjustly enriched.  Such unjust enrichment continues to increase as the profits from Defendants' wrongful conduct accumulates.

48.    To the extent of Defendants' unjust enrichment, ICON is entitled to disgorgement of all ill-gotten gains and is entitled to the imposition of a constructive trust over all property or money in Defendants' control or possession as a result of its wrongful conduct.

14

## JURY DEMAND

Plaintiff hereby demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States and Utah Constitutions, statutes and laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.      Preliminarily and permanently enjoin and restrain Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with them from making, advertising, using, and/or selling the infringing iFit products, including the iFit scale and mobile applications, and from using the iFIT trademarks in connection with the marketing or sale of any exercise or personal health-related products;

B.      Order Defendants to account for and relinquish to ICON all gains, profits, and advantages derived by Defendants through their unlawful conduct complained of in this Complaint;

C.      Order Defendants to pay ICON such damages as it has sustained as a consequence of Defendants' wrongful conduct complained of in this Complaint;

D.      Order Defendants to pay ICON treble damages under § 35(a) of the Lanham Act for Defendants' deliberate and willful misconduct;

E.      Order Defendants to pay ICON punitive damages for Defendants' deliberate and willful misconduct;

F.      Order Defendants to destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in its possession and shutdown or disable all websites accessible in the United States bearing the iFIT trademarks pursuant to § 36 of the Lanham Act;

G.      Order Camry to abandon and take down or relinquish, transfer and assign, all rights and title to ICON the following Internet domain addresses:  www.ifitliving.com and www.ifitstores.com.

H.      Order Defendants to disgorge all ill-gotten gains to the extent of their unjust enrichment as a result of their wrongful conduct complained of in this Complaint, and impose a constructive trust upon any or all property and money that is in Defendants' possession and control as a result of their wrongful conduct complained of in this Complaint;

I.      Order Defendants to pay ICON's costs of this action, together with reasonable attorneys' fees consistent with § 35(a) of the Lanham Act; and

J.      Award ICON such further relief as the Court may deem just and proper.


Dated:  January 13, 2014.                     Respectfully submitted,


By: /s/  Mark A. Miller
        **Mark A. Miller, 9563**
        mmiller@hollandhart.com
        **Ginger Utley, 11788**
        gutley@hollandhart.com
        **Christopher B. Hadley, 14055**
        cbhadley@hollandhart.com
        HOLLAND & HART LLP
        222 South Main Street, Suite 2200
        Salt Lake City, UT 84101
        Telephone:  (801) 799-5800
        Facsimile:  (801) 799-5700

        *Attorneys for Plaintiff*
        *ICON Health & Fitness, Inc.*

6479576_3

Index of Exhibits

Exhibit A        Trademark Registration No. 2,618,509

Exhibit B        Trademark Registration No. 2,466,474

Exhibit C        Trademark Registration No. 4,450,213

Exhibit D        Trademark Application Serial No. 85-856673

Exhibit E        July 23, 2013 Demand Letter to Camry

Exhibit F        November 1, 2013 Takedown confirmation from Apple

Exhibit G        November 4, 2013 Response Letter from Camry

Exhibit H        January 10, 2014 Takedown request letter to Apple

Exhibit I        Amazon.com Sales Invoice for Camry Scale

Exhibit J        Amazon.com Product Reviews for Defendants' Infringing Scales

Exhibit K        iFits Product Availability on Amazon.com

Exhibit L        Create an Account web page from Camryscalestore.com

Exhibit M        ifitliving.com web page

Exhibit N        Atlantic Promotions Sales Invoice for an "iFit by Starfrit" Scale